# EXHIBIT A

**CALLAGY LAW, P.C.**
Brian A. Williamson, Esq. (CA Bar No.336547)
2550 W Union Hills Dr., Ste 350-341
Phoenix, AZ 85027
Phone: (201) 261-1700
Fax: (201) 549-8408
Email: bwilliamson@callagylaw.com

Electronically FILED by Superior Court of California, County of Los Angeles 8/12/2026 9:21 AM David W. Slayton, Executive Officer/Clerk of Court, By P. Diaz, Deputy Clerk

Attorneys for Plaintiffs Vikram Udani, M.D. and Curatio Neurosurgery, Inc.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES, NORTHWEST JUDICIAL DISTRICT**

| | |
|---|---|
| Vikram Udani, M.D. and<br><br>CURATIO NEUROSURGERY, INC., a California corporation<br><br>Plaintiffs,<br><br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, DOING BUSINESS AS ANTHEM BLUE CROSS AND ANTHEM BLUE CROSS OF CALIFORNIA, a California corporation<br><br>Defendant. | Case No. 26VECV04665<br><br>**COMPLAINT FOR:**<br><br>**1) UNJUST ENRICHMENT;**<br>**2) QUANTUM MERUIT;**<br>**3) VIOLATION OF CALIFORNIA PROMPT PAY LAW**<br>**4) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>**5) INSURANCE BAD FAITH FAILURE TO PAY**<br>**6) BREACH OF IMPLIED-IN-FACT CONTRACT**<br>**7) DECLARATORY JUDGMENT** |

Vikram Udani, M.D. and Curatio Neurosurgery, Inc. ("Plaintiffs"), by and through its attorneys, Callagy Law, P.C., submits this Complaint against Anthem Blue Cross Life and Health Insurance Company, Doing Business as Anthem Blue Cross and Anthem Blue Cross of California ("Defendant"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This action arises from Defendant's repeated and unjustified wrongful retention of funds belonging to the Plaintiffs, unreasonable payment practices, and bad faith under state law related to prompt payment, fair trade practices, and fair dealing between insurance carriers and medical providers.

2. Plaintiffs are licensed medical providers that rendered medically necessary services to individuals covered by health benefit plans administered and/or insured by Defendant. Plaintiffs timely submitted claims and supporting documentation. Where Defendant issued payment determinations that Plaintiffs reasonably disputed due to considerable underpayment, Plaintiffs engaged in the required open negotiation process and then initiated arbitration in the federal Independent Dispute Resolution process ("IDR") as contemplated by the federal No Surprises Act ("NSA").

3. Plaintiffs prevailed in multiple IDR proceedings. Independent dispute resolution entities issued determinations identifying the additional amounts owed for specific services and dates of service. Those determinations, and the payment obligations arising from them, are final and binding as to the amounts due.

4. Despite the binding nature of these determinations, Defendant nevertheless has failed and refused to timely remit payment on multiple IDR determinations and related claim obligations, despite repeated notices and demands.

5. This case is therefore not a dispute about whether services were provided or whether the IDR process occurred. Rather, it concerns Defendant's withholding and retention of monies owed – after Plaintiffs delivered care, complied with required processes, and obtained determinations confirming the amounts due.

6. Defendant's nonpayment and delay have caused foreseeable harm to Plaintiffs, including loss of funds necessary to operate a clinical practice, increased administrative and collection costs,

and the time-value loss of money that should have been paid when due. Defendant's behavior has also unjustly enriched Defendant at the expense of Plaintiffs.

7. Separately and additionally, Defendant's failure to timely pay clean claims and other amounts due implicates state prompt payment requirements. In California, health insurance companies ("carriers") are subject to prompt payment requirements and interest obligations on overdue claims under statutes and implementing regulations, including Cal. Ins. Code § 10123.13, including provisions requiring interest on late payments.

8. Plaintiffs reference the NSA and the IDR determinations solely as factual background and evidence of the amounts owed, and seek relief under applicable state law for Defendant's wrongful retention of funds and unreasonable payment practices, including restitution and interest.

9. Plaintiffs' claims include, among other causes of action, unjust enrichment and related equitable remedies, because Defendant accepted the benefits of Plaintiffs' services to Defendant's members while retaining monies that, in equity and good conscience, should be paid to Plaintiffs.

10. Plaintiffs also assert state-law claims arising from Defendant's failure to pay amounts due in good faith and within required timeframes, including claims based on breach of contract and/or applicable plan terms (as enforceable by Plaintiffs through assignment and/or as an intended beneficiary, where applicable), breach of the implied covenant of good faith and fair dealing, quantum meruit, and statutory prompt pay relief (including interest).

11. Plaintiffs seek relief scaled to the actual misconduct and harm alleged:

    a. payment of all unpaid amounts determined to be owed;

    b. restitution and disgorgement of wrongfully retained funds;

    c. statutory interest and other amounts mandated by state prompt pay law;

d. prejudgment and post-judgment interest;

e. reasonable attorneys' fees and costs where authorized; and

f. declaratory relief clarifying Defendant's payment obligations under applicable state law.

g. Punitive damages for this intentional and flagrant failure to pay Plaintiffs money rightfully owed to Plaintiffs.

12. In short, Plaintiffs rendered medically necessary care, complied with all required processes, was substantially underpaid by Defendant, obtained determinations confirming the amounts owed, and repeatedly demanded payment. Defendant has intentionally failed to timely remit those amounts, constituting a blatant disregard of its legal obligations under state law.

**PARTIES**

13. Plaintiff Vikram Udani, M.D. is an individual physician licensed to practice medicine in the State of California, specializing in neurological surgery, with his principal place of business located at 11199 Sorrento Valley Road, Suite 203, San Diego, California 92121 ("Dr. Udani"). At all relevant times, Dr. Udani personally rendered, or caused to be rendered through physicians associated with his practice, medically necessary neurosurgical services to individuals enrolled in or otherwise covered by health benefit plans issued, administered, and/or managed by Defendant.

14. Plaintiff Curatio Neurosurgery, Inc. is a medical provider organized and existing under the laws of the State of California, with its principal place of business located at 11199 Sorrento Valley Road, Suite 203, San Diego, California 92121 ("Curatio"). At all relevant times, Curatio served as the billing provider for the medically necessary healthcare services rendered by Dr. Udani and physicians associated with his practice.

15. At all relevant times, Plaintiffs were duly licensed and authorized to provide the healthcare services at issue, and provided such services in the ordinary course of their business and consistent with applicable professional standards.

16. Plaintiffs submitted claims and supporting documentation for reimbursement for the services at issue in accordance with applicable plan requirements and Defendant's claims submission procedures, including submission of clean claims where applicable.

17. Anthem Blue Cross Life and Health Insurance Company ("Anthem") is an insurance company authorized to do business in the State of California and conducts business under the trade names "Anthem Blue Cross" and "Anthem Blue Cross of California." Upon information and belief, Anthem maintains offices at 21215 Burbank Blvd., Woodland Hills, California 91367. ("Defendant"). Defendant is engaged in the business of issuing, administering, managing, and/or paying claims under health benefit plans covering members who received healthcare services from Plaintiffs.

18. At all relevant times, Defendant acted directly and/or through its agents, affiliates, contractors, and representatives in processing, evaluating, negotiating, and paying (or failing to pay) the claims, reimbursements, and amounts at issue in this action.

19. Plaintiffs are informed and believe, and based thereon alleges, that Defendant is responsible for the payment obligations at issue, including amounts owed following completion of the NSA open negotiation and IDR processes relating to certain claims, as well as amounts due under applicable state law governing timely payment of claims and interest on overdue payments.

20. The identities, roles, and responsibilities of additional persons and entities involved in the acts and omissions described herein are currently unknown to Plaintiffs and will be added as appropriate upon further investigation and discovery.

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction over this action pursuant to its general jurisdiction and authority to adjudicate civil actions seeking legal and equitable relief, including claims for unjust enrichment, breach of contract, breach of the implied covenant of good faith and fair dealing, quantum meruit, statutory prompt payment relief (including interest), and declaratory relief.

22. This Court has subject matter jurisdiction over this action pursuant to the Constitution of the State of California and the applicable laws and statutes of the State of California.

23. This Court has personal jurisdiction over Defendant because Defendant is authorized to do business in the State of California and conducts business within this State. Upon information and belief, Defendant maintains office at 21215 Burbank Blvd., Woodland Hills, California 91367, and issues, administers, and/or manages health benefit plans covering members who received healthcare services from Plaintiffs in California.

24. In the alternative, and independently, this Court has specific personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of conducting business within the State of California, and the claims asserted herein arise out of or relate to Defendant's California-based conduct, including but not limited to the administration of health benefit plans, claim handling, payment determinations, and/or the failure to remit payment amounts owed to Plaintiffs.

25. Venue is proper in this Court because Defendant conducts substantial business within the State of California, maintains its principal place of business at 21215 Burbank Blvd., Woodland Hills, California 91367, and because a substantial part of the events giving rise to Plaintiffs' claims occurred in California, including claim administration, payment determinations, and the resulting injury to Plaintiffs.

26. Venue is also proper in this Court because Defendant is subject to service of process within the State of California and maintains a registered agent for service of process in this State. Venue is further proper because Plaintiffs seek relief under the laws of the State of California governing the administration and timely payment of health benefit claims, including but not limited to Cal. Ins. Code § 10123.13, which governs Defendant's claim processing obligations and the payment of amounts owed on healthcare claims.

27. Plaintiffs reserve the right to amend these allegations as additional jurisdictional and venue facts are confirmed through investigation and discovery, including Defendant's corporate structure, claim administration locations, and the locations where payment decisions were made and implemented.

## FACTUAL BACKGROUND

### Claims Submission, Underpayment, and Nonpayment

28. Plaintiffs are licensed healthcare providers that, in the ordinary course of their practice, render medically necessary healthcare services to patients, including individuals enrolled in or covered by health benefit plans issued, administered, and/or managed by Defendant.

29. At all relevant times, Defendant was responsible for administering benefits and processing and paying (or causing to be paid) claims for covered services provided to Defendant's members.

30. Plaintiffs rendered medically necessary services to Defendant's members, either personally or through associated physicians, and timely submitted claims for reimbursement consistent with applicable plan requirements, Defendant's claims submission protocols, and applicable law.

31. Plaintiffs submitted clean claims where applicable – i.e., claims submitted with the information reasonably necessary for Defendant to adjudicate the claim and make payment – together with supporting documentation as required by Defendant and/or applicable standards.

32. Defendant failed to pay certain claims, underpaid certain claims, and/or delayed payment without reasonable justification. In many instances, Defendant issued initial payment determinations that Plaintiffs reasonably disputed due to substantial underpayments.

**Open Negotiation and IDR Determinations (Background Context Only)**

33. For certain out-of-network items and services, the federal No Surprises Act ("NSA") establishes a process that may include an open negotiation period and, where applicable, Independent Dispute Resolution ("IDR").

34. Consistent with that process, Plaintiffs engaged in open negotiation with Defendant for applicable claims. When those efforts did not resolve the disputes, Plaintiffs initiated IDR for applicable claims, consistent with the procedures established under the NSA and implementing regulations.

35. Independent dispute resolution entities issued determinations in Plaintiffs' favor on multiple occasions (the "IDR Determinations"), identifying reimbursement amounts owed by Defendant for specific claims and dates of service. The IDR Determinations and the amounts stated therein are attached as Exhibit A.

36. Plaintiffs allege the NSA/IDR history solely as factual background and evidence of the amounts Defendant owes, and to show the unreasonableness of Defendant's continuing nonpayment and delay.

**Defendant's Continued Nonpayment After Determinations and Demand**

37. Following issuance of the IDR Determinations, Plaintiffs provided notice to Defendant and demanded payment of the amounts owed, including by transmitting written demand letters and supporting documentation and by identifying the relevant claim identifiers and IDR determination information.

38. Despite notice and demand, Defendant failed to remit payment for multiple IDR Determinations, failed to remit payment in full, and/or delayed payment for extended periods without reasonable justification.

39. Defendant's nonpayment and delays are not isolated administrative errors. Plaintiffs have experienced repeated instances of nonpayment and prolonged delay across multiple claims and multiple IDR Determinations, evidencing a pattern of retaining amounts owed while Plaintiffs bear the financial burden of delivering care.

**State-Law Timeliness Obligations**

40. Separately and additionally, Defendant failed to timely pay certain clean claims and other amounts due within timeframes required by applicable state law, and is liable for statutory interest and other relief as permitted by that law.

**Harm to Plaintiffs**

41. As a direct and proximate result of Defendant's conduct, Plaintiffs have suffered damages including, without limitation:

    a. unpaid reimbursement amounts;
    b. loss of the time value of money;
    c. increased administrative and collection costs;
    d. disruption to cash flow and operations; and
    e. other consequential harms to be proven at trial.

42. Defendant has been unjustly enriched by failing to pay Plaintiffs for services rendered, thereby retaining the benefit of those services – including the discharge of Defendant's obligation to its members to provide or pay for covered healthcare – without providing the compensation due.

**Summary of Amounts Owed**

43. As of the filing of this Complaint, Defendant owes Plaintiffs at least **$65,611.34** across **6** unpaid IDR Determinations and related claim balances, as reflected in Exhibit A.

## CAUSES OF ACTION

### COUNT I – UNJUST ENRICHMENT

44. Plaintiffs repeat and reallege each and every allegation contained in the preceding sections of this Complaint as if fully set forth herein.

45. Unjust enrichment is an equitable doctrine that prevents a party from retaining a benefit conferred by another where retention without payment would be unjust. Plaintiffs allege (a) Defendant received a benefit from Plaintiffs, and (b) Defendant's retention of that benefit without payment is inequitable.

46. Plaintiffs rendered medically necessary healthcare services to individuals covered by health benefit plans issued, administered, and/or managed by Defendant.

47. In provider–insurer disputes, the relevant "benefit" is not merely the medical services in the abstract, but the discharge of Defendant's obligation to its insured/member to provide, arrange for, or pay for covered healthcare services. By furnishing covered services to Defendant's members, Plaintiffs satisfied obligations that Defendant owed under its plans and/or applicable law, thereby conferring a cognizable benefit on Defendant.

48. Defendant had reasonable notice that Plaintiffs expected to be paid for the benefit conferred. Plaintiffs submitted claims and/or invoices for the services rendered, and Defendant acknowledged the claims by issuing explanations of benefits ("EOBs") and/or other claim adjudication communications.

49. Defendant failed to pay certain claims, underpaid certain claims, and/or unreasonably delayed payment, thereby retaining the benefit of Plaintiffs' performance without commensurate compensation.

50. For applicable claims, the parties' dispute over the appropriate amount owed was addressed through the NSA open negotiation and IDR processes. Certified IDR entities issued

determinations identifying additional amounts owed by Defendant for specific claims, as reflected in Exhibit A.

51. Plaintiffs plead the IDR history as factual context and valuation evidence. The IDR determinations provide a concrete, non-speculative measure of the value of the benefit Defendant retained after Plaintiffs discharged Defendant's obligations by providing covered care.

52. Despite notice and demand, Defendant failed to remit payment and/or failed to remit payment in full for multiple claims, including claims for which IDR determinations confirmed additional amounts owed, resulting in a direct connection between Plaintiffs' impoverishment and Defendant's enrichment.

53. Defendant's retention of the benefit without payment is unjust and inequitable because Defendant accepted and retained the benefits of Plaintiffs' services for Defendant's members while withholding monies that, in equity and good conscience, should be paid to Plaintiffs.

54. As a further result of Defendant's delayed and withheld payments, Defendant has obtained additional financial benefits from retaining funds owed to Plaintiffs, including the time-value of money and, to the extent proven, interest, float, or investment-related benefits derived from the retention of amounts due.

55. Plaintiffs are therefore entitled to equitable relief, including restitution of the value of the benefit wrongfully retained, disgorgement of unjust benefits obtained through nonpayment and delay, and such other equitable relief as the Court deems just and proper, together with prejudgment and post-judgment interest as permitted by law.

**COUNT II – QUANTUM MERUIT**

56. Plaintiffs repeat and reallege each and every allegation contained in the preceding sections of this Complaint as if fully set forth herein.

57. Plaintiffs provided medically necessary healthcare services to individuals covered by health benefit plans issued, administered, and/or managed by Defendant.

58. Plaintiffs rendered those services with a reasonable expectation of being paid for the services provided, including payment of the reasonable value of the services and/or amounts otherwise due and owing for the services at issue.

59. Defendant accepted, utilized, and benefited from Plaintiff's services, including because Plaintiffs' services discharged Defendant's obligations to its members to provide, arrange for, and/or pay for covered healthcare services.

60. Defendant had notice that Plaintiffs expected to be compensated for the services rendered, including because Plaintiffs submitted claims and/or invoices for payment and Defendant issued explanations of benefits ("EOBs") and/or other claim adjudication communications reflecting Defendant's processing of the claims.

61. Defendant has failed to pay, has underpaid, and/or has unreasonably delayed payment for the services at issue, including with respect to claims for which the amount owed was confirmed through applicable processes (including the NSA open negotiation and IDR processes).

62. Under the circumstances, it would be unjust and inequitable for Defendant to retain the benefits of Plaintiffs' services without paying Plaintiffs the reasonable value of those services and/or amounts due.

63. Plaintiffs are entitled to recover, in quantum meruit, the reasonable value of the services rendered to Defendant's members, together with prejudgment and post-judgment interest, and such other relief as may be appropriate.

**COUNT III – VIOLATION OF CALIFORNIA PROMPT PAY LAW**
**(Cal. Ins. Code § 10123.13)**

64. Plaintiffs repeat and reallege each and every allegation contained in the preceding sections of this Complaint as if fully set forth herein.

65. California's prompt payment requirements governing healthcare claims arise pursuant to Cal. Ins. Code § 10123.13 (the "Prompt Pay Law"), which governs the timely processing, adjudication, and payment of healthcare provider claims submitted to insurers.

66. At all relevant times, Defendant was an "insurer" issuing policies of health insurance covering hospital, medical, and surgical expenses within the meaning of the Prompt Pay Law and was therefore subject to California's prompt payment requirements with respect to claims for covered healthcare services submitted by Plaintiffs.

67. Plaintiffs submitted claims for covered services to Defendant, and those claims were submitted with the information reasonably necessary for Defendant to adjudicate the claim and make payment, thereby constituting "complete claims" within the meaning of Cal. Ins. Code § 10123.13(c).

68. Pursuant to Cal. Ins. Code § 10123.13(c) Defendant was required to remit payment for submitted claims within the timeframes specified by regulation, including:

a. within thirty (30) calendar days after receipt of a complete claim submitted to Defendant;

b. within thirty (30) calendar days after receipt of a claim, provide written notice to the claimant if the claim or any portion thereof was contested or denied, including the specific factual and legal basis for the contest or denial; and

c. where Defendant requested additional information necessary to adjudicate a claim, remit payment within thirty (30) calendar days after receipt of the requested information necessary to determine liability for the claim.

69. Defendant failed to remit payment within the timeframes required by Cal. Ins. Code § 10123.13 for certain claims submitted by Plaintiffs and/or failed to timely remit payment of amounts that became due following adjudication and dispute-resolution processes, including amounts reflected in Exhibit A.

70. Under Cal. Ins. Code § 10123.13(b), Defendant is obligated to pay interest on overdue claims at the rate equal to fifteen percent (15%) per annum beginning with the first calendar day after the thirty (30) calendar day payment period has expired.

71. As a direct and proximate result of Defendant's failure to comply with the Prompt Pay Law, Plaintiffs have been damaged, including by being deprived of timely reimbursement, losing the time value of money, and incurring additional administrative and collection costs.

72. As a result of Defendant's failure to comply with the Prompt Pay Law, Defendant should be held accountable for all damages available under California law, including statutory interest and any additional relief permitted by law.

**COUNT IV – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

73. Plaintiffs repeat and reallege each and every allegation contained in the preceding sections of this Complaint as if fully set forth herein.

74. Plaintiffs are entitled to enforce Defendant's payment obligations arising from the parties' payment relationship, including through valid assignments of benefits executed by Defendant's members and/or as an intended third-party beneficiary, as applicable to particular claims.

75. The parties' contractual payment arrangements constitute contracts governed by California law.

76. Every contract governed by California law contains an implied covenant of good faith and fair dealing, which requires that neither party act in a manner that destroys or injures the right of the other to receive the fruits of the contract.

77. Defendant breached the implied covenant by exercising its claims-processing discretion arbitrarily, unreasonably, and in bad faith, including by:

a. Failing to timely and fairly adjudicate covered claims;

b. Issuing payment determinations without reasonable basis;

c. Engaging in delay tactics designed to avoid or postpone payment;

d. Failing to remit payment after amounts owed were determined through applicable processes; and

e. Withholding payment despite notice, demand, and confirmation of amounts due.

78. Defendant's conduct lacked a reasonable basis and was undertaken with knowledge or reckless disregard of Plaintiffs' contractual rights, thereby depriving Plaintiffs of the benefits reasonably expected under the parties' payment relationship.

79. As a direct and proximate result of Defendant's breach, Plaintiffs have suffered damages including unpaid benefits, consequential losses, administrative costs, and loss of the time value of money.

**COUNT V – INSURANCE BAD FAITH FAILURE TO PAY**

80. Plaintiffs repeat and reallege each and every allegation contained in the preceding sections of this Complaint as if fully set forth herein.

81. Defendant owed a duty to act in good faith in the handling and payment of claims submitted for services rendered to its members.

82. Defendant lacked a reasonable basis for failing to pay the amounts owed for covered services rendered to its insured members.

83. Defendant knew, or recklessly disregarded that it lacked a reasonable basis for its failure to pay.

84. Defendant's conduct was intentional, malicious, or undertaken in reckless disregard of Plaintiffs' rights, including by withholding payment after the amount owed was determined through binding dispute-resolution procedures.

85. As a result of Defendant's bad faith conduct, Plaintiffs suffered damages including unpaid benefits, consequential losses, and additional financial harm.

86. Plaintiffs should be awarded punitive damages as a result of Defendant's flagrant bad faith conduct.

**COUNT V – BREACH OF IMPLIED-IN-FACT CONTRACT**

87. Plaintiffs repeat and reallege each and every allegation contained in the preceding sections of this Complaint as if fully set forth herein.

88. At all relevant times, Defendant administered payment obligations for members who received medically necessary services from Plaintiffs.

89. Through an established and ongoing course of dealing between Plaintiffs and Defendant, an implied-in-fact contract arose based upon the parties' conduct and mutual assent, as demonstrated by:

a. Plaintiffs' provision of medically necessary services to Defendant's members with the reasonable expectation of payment;

b. Plaintiffs' submission of claims and required documentation in accordance with Defendant's claims-processing procedures;

c. Defendant's acceptance, review, and adjudication of those claims;

d. Defendant's issuance of explanations of benefits ("EOBs") and payment determinations identifying allowed amounts and payment responsibility;

e. Defendant's partial payments on certain claims; and

f. Defendant's participation in open negotiation and dispute-resolution processes concerning payment amounts.

90. The parties' conduct manifested mutual assent that Plaintiffs would furnish services and Defendant would process and pay for those services in accordance with established payment practices and applicable law.

91. The consideration for the implied-in-fact contract consisted of Plaintiffs' provision of healthcare services that discharged Defendant's obligations to its members, in exchange for Defendant's agreement to process and remit payment for those services.

92. Plaintiffs fully performed their obligations under the implied-in-fact contract by rendering the services at issue and submitting claims and supporting documentation consistent with Defendant's requirements and industry standards.

93. Defendant breached the implied-in-fact contract by failing to honor its payment obligations arising from the parties' course of dealing, including by:

a. Failing to remit payment, or remitting only partial payment, for services rendered;

b. Issuing payment determinations inconsistent with Defendant's established payment practices;

c. Unreasonably delaying payment after receipt of clean claims and/or necessary documentation;

d. Failing to remit payment of balances confirmed through dispute-resolution processes for applicable claims (including, where applicable, IDR determinations alleged solely as valuation evidence); and

e. Retaining the benefit of Plaintiffs' performance without payment as contemplated by the parties' established course of conduct.

94. Defendant's breaches deprived Plaintiffs of the benefit of the parties' implied agreement and caused Plaintiffs to suffer damages including unpaid amounts, administrative costs, and loss of the time value of money.

95. Plaintiffs are entitled to recover compensatory damages in an amount to be proven at trial, together with prejudgment and post-judgment interest and such other relief as the Court deems just and proper.

**COUNT VI – DECLARATORY JUDGMENT**
**(Cal. Code Civ. Proc. § 1060 et seq.)**

96. Plaintiffs repeat and reallege each and every allegation contained in the preceding sections of this Complaint as if fully set forth herein.

97. An actual, justiciable controversy exists between Plaintiffs and Defendant concerning Defendant's payment obligations for the claims at issue, including:

    a. whether Defendant is obligated to remit payment for amounts due on claims submitted by Plaintiffs;

    b. whether Defendant is obligated to remit payment of unpaid balances reflected in Exhibit A; and

    c. whether Defendant is obligated to pay statutory interest and related relief under applicable California's prompt payment law, including Cal. Ins. Code § 10123.13.

98. Plaintiffs are entitled to a declaration of its rights and Defendant's obligations pursuant to the California Declaratory Relief Act, Cal. Civ. Proc. Code § 1060, and this Court has authority to declare the rights and legal relations of the parties.

99. Plaintiffs seek a declaration that Defendant is obligated to timely pay the amounts due for the services rendered and claims submitted by Plaintiffs, including amounts identified as owed in

Exhibit A, and that Defendant's continued nonpayment and delay are inconsistent with Defendant's obligations under applicable law.

100. Plaintiffs further seeks a declaration that, to the extent the claims at issue constitute "complete claims" and/or otherwise fall within California's prompt payment requirements, Defendant is obligated to pay such claims within the timeframes required by Cal. Ins. Code § 10123.13 and to pay interest and other relief on overdue payments as permitted by law.

101. A declaratory judgment will serve a useful purpose in clarifying and settling the parties' legal relations and will terminate, or afford relief from, the uncertainty, insecurity, and controversy giving rise to this proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in its favor and against Defendant, and award the following relief:

1. An award of damages and/or payment in an amount to be proven at trial, including payment of all amounts due and owing on the claims at issue, including unpaid balances reflected in Exhibit A;
2. Restitution and disgorgement of all benefits wrongfully retained by Defendant, including the value of the benefit conferred and retained without payment and, to the extent proven, benefits derived from delay (including float/time-value benefits);
3. Statutory interest and any other relief available under California prompt payment law, including Cal. Ins. Code § 10123.13, for all overdue complete claims and other overdue amounts as permitted by law;
4. Declaratory relief pursuant to the California Declaratory Relief Act, Cal. Code Civ. Proc. § 1060 et seq., declaring the rights and obligations of the parties, including Defendant's

obligation to remit payment and to comply with applicable California prompt payment requirements, including the payment of statutory interest on overdue claims;

5. Prejudgment interest and post-judgment interest as permitted by law;
6. Costs of suit, and attorneys' fees to the extent recoverable by contract, statute, regulation, or other applicable law;
7. Punitive damages to reflect the intentional and flagrant disregard of state law, including violations of insurance bad faith laws; and
8. Such other and further legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

DATED: August 12, 2026

CALLAGY LAW, P.C.

By: */s/ Brian A. Williamson*
BRIAN A. WILLIAMSON, ESQ.

Brian A. Williamson, Esq. (CA Bar No.336547)
2550 W Union Hills Dr., Ste 350-341
Phoenix, AZ 85027
Phone: (201) 261-1700
Fax: (201) 549-8408
Email: bwilliamson@callagylaw.com

**CALLAGY LAW, P.C.**
Brian A. Williamson, Esq. (CA Bar No.336547)
2550 W Union Hills Dr., Ste 350-341
Phoenix, AZ 85027
Phone: (201) 261-1700
Fax: (201) 549-8408
Email: bwilliamson@callagylaw.com

Attorneys for Plaintiffs Vikram Udani, M.D. and Curatio Neurosurgery, Inc.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES, NORTHWEST JUDICIAL DISTRICT**

| | |
|---|---|
| Vikram Udani, M.D. and<br><br>CURATIO NEUROSURGERY, INC., a California corporation<br><br>Plaintiffs,<br><br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, DOING BUSINESS AS ANTHEM BLUE CROSS AND ANTHEM BLUE CROSS OF CALIFORNIA, a California corporation<br><br>Defendant. | Case No.<br><br>**1) EXHIBIT A** |

CALLAGY LAW, P.C.

By: */s/ Brian A. Williamson*
BRIAN A. WILLIAMSON, ESQ.

Brian A. Williamson, Esq. (CA Bar No.336547)
2550 W Union Hills Dr., Ste 350-341
Phoenix, AZ 85027
Phone: (201) 261-1700
Fax: (201) 549-8408
Email: bwilliamson@callagylaw.com

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-4691923

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4691923** and has determined that Hayden Swire, PA-C is the prevailing party in this dispute.

Because only one party, Hayden Swire, PA-C , submitted an offer and paid the corresponding fees, MCMC Services, LLC has determined that the out-of-network payment amount of $5,500.00 offered by Hayden Swire, PA-C is the appropriate out-of-network rate for the item or service 61512 on claim number 2025268DJ2789 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
MCMC Services, LLC did not receive an offer and/or fees from Anthem BCBS of California . As a result, the certified IDR entity has found in favor of Hayden Swire, PA-C , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Anthem BCBS of California is the non-prevailing party in DISP-4691923 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Hayden Swire, PA-C by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-4691923 was Hayden Swire, PA-C. The initiating party's TIN is [redacted]. The non-initiating party was Anthem BCBS of California. The 90-calendar day cooling off period begins on January 27, 2026 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**Payment determination date:** 03/17/2026
**IDR reference number:** DISP-4913564

Provider Resources, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4913564** and has determined that Vikram Udani, M.D. is the prevailing party in this dispute. Vikram Udani, M.D. prevailed in all dispute line items.

Because only one party, Vikram Udani, M.D. , submitted an offer and paid the corresponding fees, Provider Resources, Inc. has determined that the out-of-network payment amount for the items and/or services is as outlined in the table below for this dispute.

| Claim Number | Service Code | Prevailing Party Offer Amount |
|---|---|---|
| 2025268DO5001 | 61512 | $24,000.00 |
| 2025268DO5001 | 61783 | $2,100.00 |
| 2025268DO5001 | 69990 | $2,000.00 |

**Determination Rationale for all Line Items Associated with this Dispute**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
Provider Resources, Inc. did not receive an offer and/or fees from Anthem BCBS of California . As a result, the certified IDR entity has found in favor of Vikram Udani, M.D. , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Provider Resources, Inc. has not received an offer and/or fees from Anthem BCBS of California and is therefore the non-prevailing party in DISP-4913564 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the

prevailing party will be returned to Vikram Udani, M.D. by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-4913564 was Vikram Udani, M.D.. The initiating party’s TIN is [redacted]. The non-initiating party was Anthem BCBS of California. The 90-calendar day cooling off period begins on **March 17, 2026.** Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Provider Resources, Inc.. Include your IDR Reference number referenced above.

Thank you,

Provider Resources, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3669946

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3669946** and has determined that Vikram Udani, M.D. is the prevailing party in this dispute. Vikram Udani, M.D. prevailed in 3 out of 3 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$7,000.00** offered by Vikram Udani, M.D. is the appropriate out-of-network rate for the item or service 61312 on this claim 2025114CZ9215 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Vikram Udani, M.D. submitted an offer of $7,000.00

Anthem BCBS of CA submitted an offer of $2,035.49

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | |

**Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 2**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$8,250.00** offered by Vikram Udani, M.D. is the appropriate out-of-network rate for the item or service 61600 on this claim 2025114CZ9215 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Vikram Udani, M.D. submitted an offer of $8,250.00

Anthem BCBS of CA submitted an offer of $5,828.52

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |

| | | | |
|---|---|---|---|
| 6 | Additional information submitted by a party | X | |

**Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 3**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$6,000.00** offered by Vikram Udani, M.D. is the appropriate out-of-network rate for the item or service 62145 on this claim 2025114CZ9215 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Vikram Udani, M.D. submitted an offer of $6,000.00

Anthem BCBS of CA submitted an offer of $1,103.32

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | X | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted | | |

| | | | |
|---|---|---|---|
| | rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | |

**Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Anthem BCBS of CA had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-3669946 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Vikram Udani, M.D. by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-3669946 was Vikram Udani, M.D.. The initiating party's NPI is [redacted] and TIN is [redacted]. The non-initiating party was Anthem BCBS of CA. The 90-calendar day cooling off period begins on September 4, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3696754

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3696754** and has determined that Hayden Swire, PA is the prevailing party in this dispute. Hayden Swire, PA prevailed in 3 out of 3 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$3,300.00** offered by Hayden Swire, PA is the appropriate out-of-network rate for the item or service 61312 on this claim 2025114DA0714 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Hayden Swire, PA submitted an offer of $3,300.00

Anthem BCBS of CA submitted an offer of $517.50

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | |

**Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 2**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$7,100.00** offered by Hayden Swire, PA is the appropriate out-of-network rate for the item or service 61600 on this claim 2025114DA0714 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Hayden Swire, PA submitted an offer of $7,100.00

Anthem BCBS of CA submitted an offer of $834.08

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |

| | | | |
|---|---|---|---|
| 6 | Additional information submitted by a party | X | |

**Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 3**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$2,600.00** offered by Hayden Swire, PA is the appropriate out-of-network rate for the item or service 62145 on this claim 2025114DA0714 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Hayden Swire, PA submitted an offer of $2,600.00

Anthem BCBS of CA submitted an offer of $354.90

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted | | |

| | | | |
|---|---|---|---|
| | rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | |

**Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Anthem BCBS of CA had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-3696754 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Hayden Swire, PA by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-3696754 was Hayden Swire, PA. The initiating party's TIN is [redacted]. The non-initiating party was Anthem BCBS of CA. The 90-calendar day cooling off period begins on August 16, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3840726

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3840726** and has determined that Vikram Udani, M.D. is the prevailing party in this dispute. Vikram Udani, M.D. prevailed in 2 out of 2 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$2,300.00** offered by Vikram Udani, M.D. is the appropriate out-of-network rate for the item or service 64722 on this claim 2025161DT3169 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Vikram Udani, M.D. submitted an offer of $2,300.00

Anthem BCBS of California submitted an offer of $245.22

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | |

**Determination Rationale**

Maximus reviewed the information submitted for the additional factors above. Maximus also reviewed objections by the non-initiating party and determined the objections are invalid and this case is timely filed and eligible for arbitration based on the information in the record. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, and the level of training and experience of the provider that furnished the qualified IDR item or service. The non-initiating party resubmitted its objections with no information for the additional factors. Based on the information provided for the acuity of the patient or the complexity of rendering the item or service, and the level of training and experience of the provider, the initiating party has demonstrated their offer is more appropriate for the item or service in dispute. After reviewing the information submitted by the parties, including the QPA, acuity or complexity, and level of training, Maximus has determined the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 2**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$750.00** offered by Vikram Udani, M.D. is the appropriate out-of-network rate for the item or service 76000 on this claim 2025161DT3169 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Vikram Udani, M.D. submitted an offer of $750.00

Anthem BCBS of California submitted an offer of $18.94

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted | | |

| | | | |
|---|---|---|---|
| | rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | |

**Determination Rationale**

Maximus reviewed the information submitted for the additional factors above. Maximus also reviewed objections by the non-initiating party and determined the objections are invalid and this case is timely filed and eligible for arbitration based on the information in the record. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, and the level of training and experience of the provider that furnished the qualified IDR item or service. The non-initiating party resubmitted its objections with no information for the additional factors. Based on the information provided for the acuity of the patient or the complexity of rendering the item or service, and the level of training and experience of the provider, the initiating party has demonstrated their offer is more appropriate for the item or service in dispute. After reviewing the information submitted by the parties, including the QPA, acuity or complexity, and level of training, Maximus has determined the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Anthem BCBS of California had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-3840726 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Vikram Udani, M.D. by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-3840726 was Vikram Udani, M.D.. The initiating party's TIN is [redacted]. The non-initiating party was Anthem BCBS of California. The 90-calendar day cooling off period begins on August 31, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3852619

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3852619** and has determined that Hayden Swire, PA-C is the prevailing party in this dispute. Hayden Swire, PA-C prevailed in 2 out of 2 dispute line items.

**Determination 1**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$7,500.00** offered by Hayden Swire, PA-C is the appropriate out-of-network rate for the item or service 63282 on this claim 2025161FM4639 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Hayden Swire, PA-C submitted an offer of $7,500.00

Anthem BCBS of California submitted an offer of $552.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 6 | Additional information submitted by a party | X | |

**Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Determination 2**

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$2,300.00** offered by Hayden Swire, PA-C is the appropriate out-of-network rate for the item or service 63005 on this claim 2025161FM4639 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

Hayden Swire, PA-C submitted an offer of $2,300.00

Anthem BCBS of California submitted an offer of $124.32

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service (such as those endorsed by the consensus-based entity authorized in section 1890 of the Social Security Act) | X | |
| 2 | The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided | | |
| 3 | The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual | X | |
| 4 | The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service | | |
| 5 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |

| | | | |
|---|---|---|---|
| 6 | Additional information submitted by a party | X | |

**Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the total amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the total amount of the offers selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Anthem BCBS of California had the fewest determinations in its favor and is therefore the non-prevailing party in DISP-3852619 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Hayden Swire, PA-C by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the

subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-3852619 was Hayden Swire, PA-C. The initiating party's NPI is [redacted] and TIN is [redacted] The non-initiating party was Anthem BCBS of California. The 90-calendar day cooling off period begins on October 9, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| STATE BAR NUMBER: 336547<br>NAME: Brian Williamson, Esq.<br>FIRM NAME: Callagy Law, P.C.<br>STREET ADDRESS: 2550 W Union Hills Drive, Suite 350-341<br>CITY: Phoenix STATE: AZ ZIP CODE: 85027<br>TELEPHONE NO.: 201-261-1700 FAX NO.: 201-549-8408<br>EMAIL ADDRESS: bwilliamson@callagylaw.com<br>ATTORNEY FOR (*name*): Vikram Udani, M.D. and CURATIO NEUROSURGERY, INC. a Californ | **Electronically FILED by Superior Court of California, County of Los Angeles 8/12/2026 9:21 AM David W. Slayton, Executive Officer/Clerk of Court, By P. Diaz, Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>STREET ADDRESS: 6230 Sylmar Ave<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Van Nuys, CA 91401<br>BRANCH NAME: Van Nuys Courthouse East | |
| CASE NAME:<br>Vikram Udani, M.D. and CURATIO NEUROSURGERY, INC., a California corporation v. ANTHEM B | |

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 26VECV04665 |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000)<br>[ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [x] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

a. ☒ monetary
b. ☐ nonmonetary; declaratory or injunctive relief
c. ☐ punitive

4. Number of causes of action *(specify):* 7

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 08/12/2026

Brian Williamson, Esq.
(TYPE OR PRINT NAME)

Brian Williamson
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/ environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collections Case–Seller Plaintiff
- Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Vikram Udani, M.D. and CURATIO NEUROSURGERY, INC. a California corporation v. AN | |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Vikram Udani, M.D. and CURATIO NEUROSURGERY, INC. a California corporation v. A | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☑ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Vikram Udani, M.D. and CURATIO NEUROSURGERY, INC. a California corporation v. AN | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels __________ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Vikram Udani, M.D. and CURATIO NEUROSURGERY, INC. a California corporation v. An | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Vikram Udani, M.D. and CURATIO NEUROSURGERY, INC. a California corporation v. AN | 26VECV04665 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: | | | ADDRESS: |
|---|---|---|---|
| ☑ 1. ☑ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | 21215 Burbank BLVD. |
| CITY: Woodland Hills | STATE: CA | ZIP CODE: 91367 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the NORTHWEST District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 08/12/2026

Brian Williamson
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br>08/12/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: P. Diaz Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>26VECV04665 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Wendy L. Wilcox | W | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 08/12/2026
(Date)

David W. Slayton, Executive Officer / Clerk of Court

By P. Diaz, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Van Nuys Courthouse East, 6230 Sylmar Avenue, Van Nuys, CA 91401 | FILED Superior Court of California County of Los Angeles 08/12/2026 David W. Slayton, Executive Officer / Clerk of Court By: R. Villagonzalo Deputy |
| PLAINTIFF: VIKRAM UDANI, M.D., et al. | |
| DEFENDANT: ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMP/ | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 26VECV04665 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 12/10/2026 | Time: 8:30 AM | Dept.: W |
|---|---|---|

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 08/12/2026

Judicial Officer

Wendy L. Wilcox / Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in Van Nuys, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Brian Williamson
650 From Road, Suite 565
Paramus, NJ 07652

David W. Slayton, Executive Officer / Clerk of Court

Dated: 08/12/2026

By R. Villagonzalo
Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | FOR COURT USE ONLY<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br>08/12/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: R. Villagonzalo Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | |
| PLAINTIFF(S)/PETITIONER(S):<br>VIKRAM UDANI, M.D., et al. | |
| DEFENDANT(S)/RESPONDENT(S):<br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY | |
| **CLERK'S CERTIFICATE OF SERVICE<br>BY ELECTRONIC SERVICE** | CASE NUMBER:<br>26VECV04665 |

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Notice of Case Management Conference of 08/12/2026**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Williamson, Brian" <bwilliamson@callagylaw.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Van Nuys Courthouse East, 6230 Sylmar Avenue, Van Nuys, CA 91401.

Dated: 08/12/2026

David W. Slayton, Executive Officer / Clerk of Court

By: R. Villagonzalo
Deputy Clerk

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by Superior Court of California, County of Los Angeles 8/12/2026 9:21 AM David W. Slayton, Executive Officer/Clerk of Court, By P. Diaz, Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, DOING BUSINESS AS ANTEHM BLUE CROSS AND ANTHEM BLUE CROSS OF CALIFORNIA, a California Corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
VIKRAM UDANI, M.D. and CURATIO NEUROSURGERY, INC., a California corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of Los Angeles, 6230 Sylmar Ave, Van Nuys, CA 91401

CASE NUMBER:
*(Número del Caso):*
26VECV04665

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian Williamson, Esq. 2550 W Union Hills Drive, Suite 350-341, Phoenix, AZ 85027; 201-261-1700 bwilliamson@callagylaw.com

DATE: *(Fecha)* 08/12/2026 Clerk, by *(Secretario)* P. Diaz, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

*Superior Court of California, County of Los Angeles*

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.
- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.
- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.
- **Set lement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Set lement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Set lement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Set lement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Van Nuys Courthouse East<br>6230 Sylmar Avenue Van Nuys, CA 91401 | FILED<br>Superior Court of California<br>County of Los Angeles<br>10/06/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: F. Rodriguez Deputy |
| PLAINTIFF(S): VIKRAM UDANI, M.D., et al. | |
| DEFENDANT(S): ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY | |
| **NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Dates Remain)** | CASE NUMBER:<br>26VECV04665 |

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD:

You are notified that effective 10/12/2026, an order was made that the above entitled action, previously assigned to Judge Wendy L. Wilcox is now and shall be assigned to Judge Daniel L. Alexander, as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in Department W at Van Nuys Courthouse East (See Chapter 3, Los Angeles Court Rules). All matters on calendar in this case will remain set on the dates previously noticed, in the department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

David W. Slayton, Executive Officer / Clerk of Court

Dated: 10/06/2026

By F. Rodriguez

Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brian Williamson<br>Bar #:336547<br>2550 W Union Hills Drive, Suite 350-341, Phoenix, AZ 85027<br>TELEPHONE NO.: 201-261-1700 FAX NO. *(Optional):* (201) 549-8408<br>E-MAIL ADDRESS *(Optional):* bwilliamson@callagylaw.com<br>ATTORNEY FOR *(Name):* Plaintiffs Vikram Udani, M.D. and Curatio Neurosurgery, Inc | **Electronically FILED by Superior Court of California, County of Los Angeles 9/29/2026 4:58 AM David W. Slayton, Executive Officer/Clerk of Court, By J. Inloes, Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**<br>STREET ADDRESS: 6230 Sylmar Ave.<br>MAILING ADDRESS: 6230 Sylmar Ave.<br>CITY AND ZIP CODE: Van Nuys, 91401<br>BRANCH NAME: Van Nuys Courthouse East | |
| PLAINTIFF/PETITIONER: Vikram Udani, M.D.; et al.<br>DEFENDANT/RESPONDENT: ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPAN | CASE NUMBER:<br>26VECV04665 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [x] summons
   b. [x] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [x] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [x] other *(specify documents):* Civil Case Cover Sheet Addendum And Statement Of Location
3. a. Party served *(specify name of party as shown on documents served):*
   ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY
   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Registered Agent CT Corporation System, Dianna R(Refused Last Name), Manager Admin Authorized to Accept
   Race: Hispanic, Gender: Female, Est. Age: 25-34, Glasses: Unknown, Hair Color: Black, Weight: 140 lbs to 160 lbs, Height: 5' 3" to 5' 6"
4. Address where the party was served:
   330 N Brand Blvd, Ste 700, Glendale, CA 91203-2336
5. I served the party *(check proper box)*
   a. [x] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* September 16, 2026 (2) at *(time):* 8:18 am
   b. [ ] **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* **or** [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**POS-010**

| PLAINTIFF/PETITIONER: Vikram Udani, M.D.; et al. DEFENDANT/RESPONDENT: ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPA | CASE NUMBER: 26VECV04665 |
|---|---|

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):* (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify):* ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY
   under the following Code of Civil Procedure section:

   ☒ 416.10 (corporation)
   ☐ 416.20 (defunct corporation)
   ☐ 416.30 (joint stock company/association)
   ☐ 416.40 (association or partnership)
   ☐ 416.50 (public entity)
   ☐ 415.95 (business organization, form unknown)
   ☐ 416.60 (minor)
   ☐ 416.70 (ward or conservatee)
   ☐ 416.90 (authorized person)
   ☐ 415.46 (occupant)
   ☐ other:

7. **Person who served papers**
   a. Name: Manvel Grigoryan
   b. Address: 8054 Greenbush Ave, Panorama , CA 91402
   c. Telephone number: +1 (360) 200-0009
   d. **The fee** for service was: $ 306.75
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
         (i) ☒ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.: 2024256547
         (iii) County: Los Angeles County

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 9/16/2026

Manvel Grigoryan
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

/s/ Manvel Grigoryan
(SIGNATURE)



**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form Save this form Clear this form

Exhibit 1a)


9/16/2026 8:18 am PDT
330 N Brand Blvd, Ste 700, Glendale, CA 91203-2336
34.1513513, -118.2548884
330
NORTH BRAND
ARMINAK LAW

Exhibit 1b)


9/16/2026 8:18 am PDT
330 N Brand Blvd, Ste 700, Glendale, CA 91203-2336
34.1513513, -118.2548884
Wolters Kluwer
700
CT Corporation
Service of Process
Department

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | FOR COURT USE ONLY |
|---|---|
| COURTHOUSE ADDRESS:<br>Van Nuys Courthouse East<br>6230 Sylmar Avenue, Van Nuys, CA 91401 | FILED<br>Superior Court of California<br>County of Los Angeles<br>10/06/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: R. Villagonzalo Deputy |
| PLAINTIFF(S)/PETITIONER(S):<br>VIKRAM UDANI, M.D., et al. | |
| DEFENDANT(S)/RESPONDENT(S):<br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY | |
| **CLERK'S CERTIFICATE OF SERVICE<br>BY ELECTRONIC SERVICE** | CASE NUMBER:<br>26VECV04665 |

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Notice of Case Reassignment and Order for Plaintiff to Give Notice of 10/06/2026**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Williamson, Brian" <bwilliamson@callagylaw.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Van Nuys Courthouse East, 6230 Sylmar Avenue, Van Nuys, CA 91401.

Dated: 10/6/2026

David W. Slayton, Executive Officer / Clerk of Court

By: R. Villagonzalo
Deputy Clerk